# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONG DONG LI, | CASE NO. 10cv2465-LAB (BGS) |
| Plaintiff, | **ORDER ON MOTION TO DISMISS** |
| vs. | |
| AKAL SECURITY, INC., et al., | |
| Defendants. | |

Plaintiff Rong Dong Li, an illegal immigrant and detainee at the El Centro Service Processing Center ("Detention Center"), alleges that Akal Security is liable for personal injuries he sustained when two other detainees attacked him in a bathroom. Akal is a private security company that provided security for the Center pursuant to a contract with United States Immigration and Customs Enforcement. Li accuses Akal of: (1) assault; (2) battery; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) racial and national origin discrimination. Now pending is Akal's motion to dismiss.

## I.   Background

The facts of this case are pretty straightforward. According to Li, he entered the men's restroom at the Detention Center and saw two men fighting. He alerted guards, who came quickly, broke up the fight, and escorted the two men from the restroom. As he was washing his hands, after using the restroom himself, one of the men who had been fighting,

joined by another man, entered the restroom and attacked Li. The attack lasted for three to four minutes, leaving Li bloody with injuries to his face and body.

## II. Legal Standard

A rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to Li, the non-moving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat a 12(b)(6) motion, a complaint's factual allegations needn't be detailed, they must simply be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Li's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 129 S.Ct. at 1949. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement" (*id.* (internal quotations omitted)), nor if it contains a merely formulaic recitation of the elements of a cause of action (*Bell Atl. Corp.*, 550 U.S. at 555).

//
//
//

**III.   Discussion**

The Court will address Li's claims in sequence.

### A.   Assault and Battery

The assault and battery claims succumb to the same argument from Akal and can be considered together.  Li admits that "Akal and its employed security guards did not commit the actual assault and battery." (Opp'n Br. at 1.)  That's a problem for Li.  Assault and battery are specific intent offenses, and Li doesn't sufficiently allege that Akal conspired with Li's attackers or in any other way intended for the attack to take place.  Rather, Li attempts to ground Akal's liability in the "failure and refusal" of Akal to protect him, but this kind of deliberate indifference can only give rise to an Eight Amendment claim under the Constitution.  Indifference cannot expose Akal to liability for these underlying torts.[1]

That Akal and its employees "were not present to protect [Li] while the attack took place" cannot be the basis of an assault and battery claim against Akal. (Opp'n Br. at 2.)  Those claims are therefore **DISMISSED WITH PREJUDICE**.

### B.   Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress, as its name suggests, is also a specific intent offense.  The parties agree that it requires extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress.  Here again, Li's claim is entirely speculative as to Akal's intent and, for that reason alone, cannot survive Akal's motion to dismiss.  Li pleads no facts to show that Akal *intended* for one of the men who had been fighting to seek revenge on him for alerting the guards to his fight.  Nor does he plead facts to show that Akal recklessly disregarded the possibility that the man, after being reprimanded for fighting, would immediately return to the scene of

---

[1] In fairness to Li, he does allege in his complaint that Akal "intended to cause or to place Plaintiff in apprehension of a harmful or an offensive contact with his person [sic]." (Compl. ¶ 17.)  He also alleges that "Defendant Akal encouraged and/or approved of Defendant John Doe One's attack on Plaintiff." (Compl. ¶ 23.)  But these are precisely the kinds of "naked assertions" that *Iqbal* holds do not get a complaint past a motion to dismiss.  Also, in his opposition brief Li changes his tune, and rather than argue that Akal intended for the assault to occur, argues that it deliberately failed to stop it.  Li points to no authority that *this conduct* exposes Akal to assault and battery charges.

his offense and attack Li. To the extent Li attempts to argue otherwise in his opposition brief, he hardly does more than recite the elements of the cause of action, which is inadequate. *Twombly*, 550 U.S. at 555.

The mere fact that Akal employees previously apprehended and released Li's attacker for fighting does not sufficiently support a reasonable inference that Akal's conduct was extreme and outrageous, and intended to cause, or recklessly indifferent to causing, emotional distress to Li.[2] *Iqbal*, 129 S.Ct at 1949. This claim is **DISMISSED WITH PREJUDICE**.

### C. Negligent Infliction of Emotional Distress

Li argues in his complaint that "Defendant Akal knew or should have known that by releasing John Doe One right after Plaintiff had reported him would encourage John Doe One to attack Plaintiff . . . ." (Compl. ¶ 37.) The parties agree that this claim requires negligence, emotional distress, and some causal link between the two; Akal argues, though, that Li hasn't properly alleged negligence because he has failed to allege duty, breach, and causation. Li's opposition brief doesn't offer much of a rebuttal. As with his intentional infliction of emotional distress claim, he does little more than recite the elements of the cause of action and assert that he's alleged them. (Opp'n Br. at 3.)

Li isn't even clear on what he believes was negligent: Akal releasing the men who had been fighting, knowing they had a propensity to violence, or Akal not responding when Li was crying for help during the alleged attack. If the former, Li certainly doesn't allege adequate facts. He doesn't explain how the men were fighting, whether they resisted being

---

[2] The Court also finds that Li has failed to allege adequate facts to support an IIED claim based on the theory that Akal intentionally ignored, or was recklessly indifferent to, Li's pleas for help during the attack in the bathroom. Li alleges in his complaint that he shouted loudly for help and "no guards ever came to Plaintiff's rescue," but it is a matter of sheer speculation that this was intentional, or manifested a reckless disregard for Li's well-being. (*See* Compl. ¶ 10.) On Li's account of the facts, the guards were quick to break up the original fight because Li "went outside of the men's bathroom and shouted for help." (Compl. ¶ 9.) The only reasonable inference to draw about Akal's failure to respond to Li's attack, based on the facts alleged, is that guards could not hear what was happening inside the bathroom. Moreover, Li pleads no facts that can explain why, if the guards responded promptly to Li's initial alert that two men were fighting in the bathroom, they wouldn't also respond quickly if they *actually heard* that an attack was taking place in the bathroom.

escorted away, whether they said anything to Li or hinted that they would be back to retaliate against him, or any other facts that would allow for the reasonable inference that Akal shouldn't have released the men and looked the other way. If the latter, Li still doesn't allege adequate facts. He doesn't allege, for example, that the guards *must* have, or *should* have, heard his cries for help. Nor does he allege that they owed him a duty of care, or what the source of that duty might be. This claim is **DISMISSED WITHOUT PREJUDICE** because there are insufficient facts, at this time, to lend it "facial plausibility." *Iqbal*, 129 S.Ct. at 1949.

### D.      Racial and National Origin Discrimination

Li's final claim is that Akal's indifference to his attack — and the poor medical treatment he received after the attack — is attributable to the fact that he "is Chinese and came from the People's Republic of China," in violation of the Fourteenth Amendment. Li's complaint continues, "Akal has a history of treating the Chinese and detainees from the People's Republic of China with discrimination and their needs and wants were often ignored and/or dealt with much delayed [sic]." (Compl. ¶ 42.) There are a number of problems with this claim.

First, there is no evidence that the *medical staff* at the Detention Center were Akal employees. Considering Akal is a *security* company, it is unlikely that they are. This means Li cannot base this claim against Akal on the deficient care medical staff allegedly provided to him. Second, Li is confused, it appears, about the law on which his claim is based. He claims his rights were violated under Title VII of the Civil Rights Act, but that prohibits racial discrimination in the employment context. He also claims his rights were violated under the "relevant California codes and statutes against discrimination based on race and national origin," but he doesn't specify what those codes and statutes are. Third, the Supreme Court held in *Correctional Servs. Corp. v. Malesko* that private prison corporations are not subject to *Bivens* liability. 534 U.S. 61 (2001). *See also Pollard v. Geo Group, Inc.*, 607 F.3d 583, 586 n. 5 (9th Cir. 2010) (liability of prison contractor for Eighth Amendment violation

1 "squarely foreclosed" by *Malesko*).³  Fourth, Li offers no facts, other than the fact that he is Chinese, to suggest Akal's treatment of him was motivated by his race.  Thus, this claim is as speculative as Li's other claims; it raises nothing beyond a "sheer possibility" that Akal is guilty of racial discrimination, and for this reason cannot survive Akal's motion to dismiss.  *Iqbal*, 129 S.Ct. at 1949.  This claim is **DISMISSED WITH PREJUDICE**.

**IV.   Conclusion**

Li's complaint is factually anemic, which is fatal to all but one of his claims.  The one bright side is that Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires."  Fed. R. Civ. P. 15.  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (implying leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party or futility of amendment).  The Court finds that Li cannot allege facts to support an assault, battery, intentional infliction of emotional distress, or racial discrimination claim, but that he *might* be able to amend his complaint to state a claim for the negligent infliction of emotional distress.  He is allowed two weeks from the date this Order is entered to do that.

**IT IS SO ORDERED**.

DATED: April 3, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

³ As the Ninth Circuit recognized in *Pollard*, *Malesko* "explicitly left open the possibility that private prison *employees* could act under color of federal law and therefore face *Bivens* liability." *Pollard*, 607 F.3d at 592.  In other words, *Malesko* forecloses liability against *Akal* but not against John Doe One and John Doe Two.  Li appears to miss this distinction in his opposition brief, even though he quotes a sentence in *Pollard* that explicitly conveys it is concerned with the question whether a *Bivens* action "allows a federal prisoner to recover for violations of his constitutional rights by *employees* of private corporations operating federal prisons." *Pollard*, 607 F.3d at 585. (*See* Opp'n Br. at 4.)  Li's complaint falls on the wrong side of this distinction, because he alleges racial and national origin discrimination only against Akal, which is precisely the party that *Malesko* immunizes from *Bivens* liability. (Compl. ¶¶ 40–46.)