**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONG DONG LI,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>AKAL SECURITY, INC., et al.,<br><br>　　　　　Defendants. | CASE NO. 10cv2465-LAB (BGS)<br><br>**ORDER RE: MOTION TO AMEND COMPLAINT** |

　　　Li initially brought five claims against Akal, and on April 4 the Court dismissed all but one of them with prejudice.  The remaining claim, for the negligent infliction of emotional distress, was dismissed without prejudice: "The Court finds that Li cannot allege facts to support an assault, battery, intentional infliction of emotional distress, or racial discrimination claim, but that he *might* be able to amend his complaint to state a claim for the negligent infliction of emotional distress."  (Dkt. No. 9 at 6.)

　　　Li then filed his first amended complaint on April 17 in which he *added* a negligence claim and re-alleged his negligent infliction of emotional distress claim against Akal. (Dkt. No. 10.)  Akal filed a second motion to dismiss (Dkt. No. 12), and on the same day that Li filed an opposition he filed a motion to amend his first amended complaint. (Dkt. Nos. 14, 15.) Li now wants "to add as defendants the United States of America, the U.S. Immigration and Customs Enforcement, unknown officials of the U.S. Immigration and Customs

Enforcement, and to add as Defendants unknown officers of Defendant Akal to address the issues raised by Defendant Akal's second motion to dismiss." (Dkt. No. 15-2 at 1–2.)

Li did not attach a proposed second amended complaint to his request for leave to amend his first amended complaint, but he did file one later, after Akal opposed his motion to amend in part for his failure to do so. (Dkt. No. 17.) Looking at Li's proposed second amended complaint, it appears that he added two individual Akal officers — Unknown Akal Officer One and Unknown Akal Officer Two — although he only alleges his negligence and negligent infliction of emotional distress claims against Unknown Akal Officer One.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15. "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (implying leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party or futility of amendment). Even in light of this permissive standard for amendment, the Court finds insufficient cause to allow Li to amend his complaint to add the Akal officers. Li has already been given one opportunity to amend his complaint, and still he offers no meaningful explanation of what is gained by adding the individual officers, other than the vague assertion that doing so will "address the issues raised by Defendant Akal's second motion to dismiss." Insofar as the motion seeks to add unknown Akal officers, it is therefore **DENIED**.

Insofar as the motion seeks to add the United States, ICE, and ICE officials, however, it is **GRANTED**. Akal needn't re-file its motion to dismiss, which has been fully briefed and is under submission.

**IT IS SO ORDERED**.

DATED: September 26, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge