1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11 | RONG DONG LI, | CASE NO. 10cv2465-LAB (BGS) |
|---|---|---|
| 12 | Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART AKAL'S MOTION TO DISMISS** |
| 13 | vs. | |
| 14 | AKAL SECURITY, INC., et al., | |
| 15 | Defendants. | |

16

17       On April 3, 2011, the Court dismissed with prejudice most of Li's claims against Akal
18  Security. One claim, for the negligent infliction of emotional distress, survived. The Court
19  found that Li hadn't stated adequate facts to support that claim, but it allowed him the
20  opportunity to do so in amended complaint. Now before the Court is Akal's motion to
21  dismiss Li's First Amended Complaint. In addition to alleging the negligent infliction of
22  emotional distress, Li also alleges basic negligence.

23  **I.     Introduction**

24       Li, an illegal immigrant and detainee at the El Centro Service Processing Center
25  ("Detention Center"), alleges that Akal Security is liable for personal injuries he sustained
26  when two other detainees attacked him in a bathroom. Akal is a private security company
27  that provided security for the Center pursuant to a contract with United States Immigration
28  and Customs Enforcement.

Li's story is straightforward. He entered the men's restroom at the Detention Center and saw two men fighting. He alerted guards, who came quickly, broke up the fight, and escorted the two men from the restroom. As he was washing his hands, after using the restroom himself, one of the men who had been fighting, joined by another man, entered the restroom and attacked Li. The attack lasted for three to four minutes, leaving Li bloody with injuries to his face and body.

## II.     Legal Standard

A rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to Li, the non-moving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat a 12(b)(6) motion, a complaint's factual allegations needn't be detailed, they must simply be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While the Court must draw all reasonable inferences in Li's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, the Court does not need to accept any legal conclusions as true. *Iqbal*, 129 S.Ct. at 1949. A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement" (*id.* (internal quotations omitted)), nor if it contains a merely formulaic recitation of the elements of a cause of action (*Bell Atl.*

*Corp.*, 550 U.S. at 555).

**III.   Discussion**

Li's grievance, in essence, is that Akal Security failed to protect him from the aggressions of fellow detainees at the Detention Center. Typically, this is a civil rights claim brought by prisoners under the Eighth Amendment, and it requires that prison officials demonstrate "deliberate indifference" to "conditions posing a substantial risk of serious harm." *Clem v. Lomelli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Li doesn't allege, though, that his Eighth Amendment rights were violated by Akal. He simply accuses Akal of negligence: (1) for failing to station guards outside of the restroom to respond to emergencies therein; (2) for *its employees*' failure to respond to Li's cries for help from within the restroom; (3) for *its employees*' failure to segregate or detain the man Li had seen fighting, and who subsequently attacked Li; and (4) for failing to investigate the original fight. (Compl. ¶ 37.)

A negligence claim is not implausible. "Tort law . . . imposes a duty of care on jailers or prison employees to protect the life and health of prisoners in their custody and protect the prisoners from foreseeable harm or unreasonable risk of physical harm." *See Pollard v. GEO Group*, 607 F.3d 583, 609 (9th Cir. 2010), *overruled on other grounds by Minneci v. Pollard*, 2012 WL 43511 (Jan. 10, 2012). Akal acknowledges this principle, but attempts to distinguish itself on the ground that it is a private security company at a detention center, and thus had no duty of care to protect Li in the first instance:

> Here, Plaintiff has failed to allege how he has a "special relationship" with an unidentified Akal employee. Specifically, Plaintiff has failed to allege how unidentified employees of Akal, a private security company, owe a duty of care to protect an illegal immigrant from harm at a detention center, such that Akal can be held vicariously liable for negligence . . . . Akal's counsel is not aware of any published California case extending the "special relationship" rule such that *unidentified* employees of a *private security company* owe a duty of care to an *illegal immigrant detainee*."

(Br. at 7.)

It is reasonable of Akal to question whether, as a private *security* company, it had a duty to protect Li. In the Court's judgment, this turns on the exact nature of Akal's contract

with the United States—and probably with Immigration and Customs Enforcement—at the Detention Center. On the one hand, Li alleges that Akal has a contract to "provide security services." (Compl. ¶ 2.) This could mean anything. It could mean that private security officers simply oversee the grounds and the parking garage (as at the federal courthouse in San Diego), in which case they can't be considered to have the same duties of care as actual jailors or prison employees. On the other hand, it could mean that Akal basically runs the Detention Center. Li alleges the latter, more or less:

> Akal had the physical custody of the detainees and had a duty to assure the safety and security of detainees such as Plaintiff while they were detained at the Center. Plaintiff believes and thus alleges that twenty-four hours a day detainees at the Center were under close monitoring and supervision by Akal's employees including the men's bathroom where Plaintiff was brutally attacked.

(Compl. ¶ 36.) Assuming these to be the facts, as the Court must in ruling on a motion to dismiss, Akal is no different from any private company with a contract to run a correctional facility, and that may be held liable for violations of inmate's constitutional or common-law rights.[1] The Court therefore finds that Akal does have a duty of care with respect to Li, and that the duty encompasses an obligation to protect him from foreseeable harms inflicted by third parties.

The key word there, though, is "foreseeability," which the court in *Giraldo* recognized was "the most important consideration in establishing duty." *Id.* at 386 (internal quotations omitted). Even if the Court accepts that Akal had a general duty to protect Li from harms

---

[1] The Court sees no reason to exempt Akal because the Detention Center is not, technically, a prison or other correctional facility. A defendant may have an affirmative duty to protect a plaintiff from the conduct of third parties when there is a special relationship between the two parties. *Giraldo v. Cal. Dep't of Corrections and Rehabilitation*, 168 Cal.App.4th 231, 245 (Cal. Ct. App. 2009). A special relationship typically arises where "the plaintiff is particularly vulnerable and dependent upon the defendant who, correspondingly, has some control over the plaintiff's welfare." *Id.* at 245–46 (quoting *Kockelman v. Segal*, 61 Cal.App.4th 491, 499 (Cal. Ct. App. 1998)). The court in *Giraldo* was concerned particularly with the relationship between a jailer and prisoner, and it passed on the question of "[w]ho comes within the category of jailer." *Id.* at 253. Nonetheless, it recognized that "important factors in determining whether a relationship is 'special' include vulnerability and dependence," and that a prisoner "is deprived of the normal opportunity to protect himself from harm inflicted by others." *Id.* at 386. These factors may be just as present in a detention center for illegal immigrants as an actual prison, and the Court sees no reason not to extend the tort principles recognized in *Giraldo* to the facts of this case.

inflicted by a third party, the duty extends only to those harms that are foreseeable.  This is where Li's complaint runs into problems.  He alleges nothing more than that he reported a fight in the bathroom to an Akal security guard, the two men fighting were escorted out of the bathroom, and within moments one of the men came back into the bathroom and attacked him.  When the Court first dismissed Li's negligent infliction of emotional distress claim, it observed:

> Li isn't even clear on what he believes was negligent: Akal releasing the men who been fighting, knowing they had a propensity to violence, or Akal not responding when Li was crying for help during the alleged attack.  If the former, Li certainly doesn't allege adequate facts. He doesn't explain how the men were fighting, whether they resisted being escorted away, whether they said anything to Li or hinted that they would be back to retaliate against him, or any other facts that would allow for the reasonable inference that Akal shouldn't have released the men and looked the other way.

(Dkt. No. 9 at 4–5.)  Li still doesn't allege those facts.  Li *admits* he doesn't allege those facts.  (Opp'n Br. at 3.)  To be fair, it's now clear that Li believes Akal was negligent for releasing the fighting men *and* failing to respond to his cries for help, but he hasn't alleged any additional facts in his First Amended Complaint that explain why it was foreseeable that either (a) fights would break out in the bathroom requiring Akal to station security guards outside of it, or (b) one of the men in the fight that Li reported would return to the bathroom to retaliate against Li.  So, still, Li alleges no facts, as the Court said previously, "that would allow for the reasonable inference that Akal shouldn't have released the men and looked the other way."  He asserts in a conclusory manner that "Akal knew or should have known that John Doe One is a risk to other detainees, in particular, to Plaintiff who had just reported him to guards."  (Compl. ¶ 37.)    Li has to say more, though, to give rise to a reasonable inference that it was foreseeable that John Doe One, simply in virtue of being in a fight that Li reported, would seek Li out to retaliate against him.  Li's negligence claim therefore fails to the extent it is based on Akal's alleged failure to station guards near the restroom, or its alleged failure to segregate John Doe One from the remainder of the detainee population.

To the extent Li's negligence claim is based on the allegation that he took a beating for 3-4 minutes in the Detention Center's bathroom and Akal's security guards *must* have

heard him and did nothing, it is more plausible. But it's not clear that this is Li's claim. He says,

> Akal breached its duty . . . through the failure of its employees who were stationed near the men's restroom at the time of the incident to respond to Plaintiff's plea for help since it is impossible for them not to hear Plaintiff's loud plea had any of Akal's employees were stationed near the men's bathroom at issue.

(Compl. ¶ 37.) This sentence is unclear. On one hand, Li seems to be alleging that he pleaded for help and Akal's guards must have heard him. On the other hand, Li is alleging that guards must have heard him *had* they been stationed outside the restroom, but the Court has already determined this cannot be the basis of a negligence claim because Li alleges insufficient facts to show that bathroom fights were so foreseeable that guards should have been stationed outside of it. Elsewhere in his complaint, Li alleges that "[w]hile it only takes seconds for guards to respond, no guards ever came to Plaintiff's rescue." (Compl. ¶ 11.) He also alleges that his "severe and permanent injuries could have been avoided had Akal responded to Plaintiff's loud pleas for help." (Compl. ¶ 38.) Missing in all of these allegations is the unambiguous charge that Akal guards must have heard Li's pleas for help and chose to do nothing about them. The Court will give Li the benefit of the doubt, though, and charitably interpret his complaint to allege that guards did hear him plead for help from the bathroom and did nothing about it. Akal's motion to dismiss is **DENIED**, but Li's negligence and negligent infliction of emotional distress claims survive only to the narrow extent that they are based on the failure of Akal security guards to respond to pleas for help they must have heard. To the extent the negligence claims have any other basis, Li has failed to allege adequate facts to support them and they are dismissed.

The last matter to resolve is whether Li may seek punitive damages, which he inserts into both his negligence and negligent infliction of emotional distress claims. Akal is right to ask that the request be stricken. Li alleges no facts to support the imposition of punitive damages, seeks them in a completely conclusory manner, and indeed, punitive damages cannot be staked on negligence claims as a matter of law. *See Food Pro Intern., Inc. v. Farmers Ins. Exchange*, 169 Cal.App.4th 976, 994 (Cal. Ct. App. 2008); *Woolstrum v.*

*Mailloux*, 190 Cal.Rptr. 729, 735 (Cal. Sup. Ct. 1983) ("Conduct which may be characterized as unreasonable, negligent, grossly negligent or reckless does not satisfy the highly culpable state of mind warranting punitive damages.").

**IV.     Conclusion**

Li's negligence claims against Akal may proceed on one narrow construction—that Akal security guards were negligent in their failure to respond to Li's pleas for help during the three to four minutes that he was attacked in the restroom of the Detention Center. Li may not seek punitive damages for this alleged negligence.

The Court notes that the United States and Robin Baker have not responded to Li's complaint. Li claims to have served them on October 11, 2011, and under Fed. R. Civ. P. 12(a)(3) their responses were due on December 12, 2011. The Court has doubts, though, that these Defendants were properly served under Fed. R. Civ. P. 4(i). Li must therefore show cause, within 14 days of the date this Order is entered, why service of these Defendants was proper. If Li does not respond within 14 days, he will have failed to serve the Defendants in a timely manner under Fed. R. Civ. P. 4(m) and the Court will dismiss his claims against them without prejudice.

**IT IS SO ORDERED**.

DATED: January 17, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge